THE TOWN OF SHELDON *vs.* ELIHU GOODSEL.

There having been no minister of the gospel previously settled in the town of Sheldon, an ordained priest of the episcopal church, residing in *Fairfield*, was, at said Fairfield, instituted over the two *churches* in Fairfield and Sheldon, by the bishop of the eastern diocess, and *afterwards* removed to Sheldon, and resided there, and continued to officiate as the priest or pastor of said churches, for about six years, when he was removed by order of the bishop, having been always subject to removal by such order : *Held*, that he was not a *settled minister* in the town of Sheldon, within the meaning of the charter, granting one share or right of land to the first settled minister in said town.

THE question arising in this cause, came before the Court in the following case stated.

Ejectment, for the east half of lot No. 7, in the 3d division of lands in said town of Sheldon. The right of the plaintiffs to recover in this case, is admitted, unless the following facts constitute a valid title in the defendant, to the land in question :

By the charter of the town of Sheldon, one full share or right of land is granted to the first settled minister in said town, and the lot in question was legally severed to said right. Some time in the fall of the year 1815, *Stephen Beach*, then residing in Fairfield, in said county of Franklin, an ordained priest in the episcopal church, was, at said Fairfield, by the bishop of the eastern diocess, in which is included the state of Vermont, instituted a priest over the episcopal churches in said Fairfield and Sheldon, by the approbation of said churches. Afterwards, in the spring of 1817, said Beach removed into said town of Sheldon, and continued there until the spring of 1823; (during all which time he officiated as priest or pastor over said two churches) when he removed out of the state. In December, 1820, said Beach deeded the land in question to the defendant. He was at all times subject or liable to be removed by order of said bishop, and did remove, under and by order of such bishop.

If, from these facts, the defendant has made out a title to the land in question, judgment is to be rendered for his costs ; otherwise judgment to be rendered for the plaintiffs to recover the land, with ten cents damages, and their costs.

HUTCHINSON J. delivered the opinion of the Court.

This cause being submitted on the foregoing statement of facts, the only question that arises, is, whether Beach was so settled in the town of Sheldon, as to be the first settled minister of said town, within the meaning of the charter of said town? The Court consider that he was not so settled. There appears to have been no contract whatever, between him and the people. Some such contract of binding force according to existing laws, has always been deemed necessary. While the *certificate act*, as it was called, was in force, there must have been a society formed according to that act; and, in voting upon the subject of settling a minister, there must have been twenty-five legal voters in the affirmative, and two-thirds of those present must have voted in the affirmative, in order to make their pro-

Town of
Sheldon
*vs.*
Goodsel.

ceedings valid. So, now, there should be some regular proceedings under the first section of the same act, which is still in force. Several decisions, many years since, have gone upon this ground. Such a decision was made in the circuit court, in a dispute concerning the minister's right, in *Springfield*. The Court are not informed of any decision, that a mere ordination was of itself sufficient to vest the title in the minister so ordained.

But this case hardly exhibits an ordination of Beach over the people in Sheldon. The expression is, that he was instituted a priest over the churches in Fairfield and Sheldon. The people might all belong to the church ; which, however, is not very probable. It is said to have been done with the approbation of these churches. There is no mention of any agreement between him and the members of either church, for him to be their minister, for any period, definite or indefinite. But it is not left for implication, that he may have been at liberty to go and cease to be their minister when he pleased, for the case expressly states, that he was subject to the order of the bishop for his removal to any other place at any time, and that he received such order, and removed out of this state in 1823. This institution was at Fairfield, and the residence was at Sheldon, and the care extended alike over both churches. This was at best but a temporary residence and ministry, not much unlike the missionaries sent from town to town, where no minister has before been settled, at the will of those who employ them. This is done with the approbation, and usually at the express request, of the church or people, or both, in the several towns where such missionaries labour. It has never been supposed, nor can it rationally be supposed, that the title to these minister rights is affected by such a proceedure.

> The judgment of the Court, to be entered of record, is, that the plaintiffs recover the premises described in their declaration, with ten cents damages, and their costs.